UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK STALLWORTH, #129592,

                    Petitioner,

                                        CASE NO. 2:13-CV-11338
v.                                      HONORABLE NANCY G. EDMUNDS

SHIRLEE HARRY,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

Michigan prisoner Frank Stallworth ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. Petitioner pleaded no contest to arson of a dwelling house, Mich. Comp. Laws § 750.72, in the Wayne County Circuit Court and was sentenced to 5 to 20 years imprisonment in 2012. In his pleadings, he raises claims concerning his state and federal speedy trial rights, the effectiveness of defense counsel, and pre-arraignment delay. Respondent has filed an answer to the petition contending that it should be denied. For the reasons stated herein, the Court finds that Petitioner is not entitled to habeas relief and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's conviction arises from his arson of a home occupied by four people, one

of whom was his ex-girlfriend, in Detroit, Michigan on May 12, 2011. Petitioner pleaded no contest to the arson of dwelling house charge on April 10, 2012. In exchange for the plea, the prosecution agreed to drop a fourth habitual sentencing enhancement and agreed to a sentence of 5 to 20 years imprisonment. At the plea hearing, the trial court advised Petitioner of the charges and possible penalties, the rights that he would be giving up by pleading no contest, and the terms of the plea agreement. Petitioner confirmed that he understood those matters and that he was pleading guilty of his own free will. The parties also agreed to a factual basis for the plea. The trial court accepted the plea.

On April 24, 2012, the trial court conducted a sentencing hearing. At that hearing, defense counsel discussed the delay in arraignment issue and requested that Petitioner be given an extra 93 days of sentencing credit. Defense counsel also discussed Petitioner's belief that there was a 180-day rule and/or speedy trial violation. Counsel said that he researched the issue and believed that those issues lacked merit and were waived by Petitioner's plea. Defense counsel also acknowledged Petitioner's belief that he did not receive the effective assistance of counsel as to those same issues. Neither counsel nor Petitioner moved for plea withdrawal. The trial court remarked that defense counsel did "a heck of a job" for Petitioner in negotiating his plea deal and agreed to follow the sentencing agreement. The trial court imposed a sentence of 5 to 20 years imprisonment with the extra 93 days of credit as requested by defense counsel.

Following his plea and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising a state and federal speedy trial claim and an ineffective assistance of defense counsel claim. The court denied the application "for lack of merit in the grounds presented." *People v. Stallworth*, No. 311109 (Mich. Ct. App.

2

Aug. 1, 2012) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as a pre-arraignment delay claim.  The court denied leave to appeal in a standard order.  *People v. Stallworth*, 493 Mich. 938, 829 N.W.2d 595 (2013).

Petitioner thereafter filed his federal habeas petition raising the following claims as grounds for relief:

I.     180 Day Rule Violation-Right to a Speedy Trial (US Const. Am VI; 1963, Art 1 § 20; MCL 780.131; MSA 28.969(1).

II.    Trial counsel was ineffective for failing to file a dispositive motion. In violation of [the] 6th Am.

III.   Petitioner was prejudiced by the unnecessary delay before arraignment is a violation of U.S. Const. 4th Amend.

Respondent has filed an answer to the petition contending that it should be denied because the third claim is unexhausted and all three of the claims are waived by Petitioner's no contest plea and/or lack merit.

## III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners.  The AEDPA provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The

4

Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements

5

of "clearly established law" are determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.  DISCUSSION

### A.  Exhaustion

As an initial matter, Respondent contends that Petitioner has not properly exhausted his third habeas claim, concerning pre-arraignment delay, in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, a Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must be "fairly presented" to those courts, meaning that the petitioner must have

6

asserted both the factual and legal bases for the claims. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The petitioner must also present the claims to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner first presented his pre-arraignment delay claim to the state courts in seeking leave to appeal before the Michigan Supreme Court on direct appeal. Presenting new issues for the first time before a state supreme court on discretionary review, however, does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Consequently, Petitioner has not properly exhausted his third habeas claim in the state courts – and the petition is subject to dismissal as a mixed petition containing both exhausted and unexhausted claims.

The Court, however, declines to dismiss the habeas petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). For example, an unexhausted claim may be addressed if the pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating this claim because further

7

exhaustion in the state courts is likely to be futile and relief on this claim may be denied despite the lack of exhaustion.

### B.  Waiver

Respondent contends that all three of Petitioner's habeas claims, which concern his state and federal speedy trial rights, the effectiveness of defense counsel (for not seeking dismissal of the charges on such a basis), and pre-arraignment delay, are waived by his no contest plea.  As discussed, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.  The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[1]

It is well-established that an unconditional guilty plea or no contest constitutes a waiver of all pre-plea, non-jurisdictional constitutional deprivations.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (guilty plea); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (no contest plea); *see also United States v. Broce*, 488 U.S. 563, 569 (1989).  The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no contest waives any non-jurisdictional claims that arose before the entry of his plea.

---

[1]The Court notes that it would reach the same result under a de novo standard of review.

Speedy trial and pre-arraignment delay claims are non-jurisdictional issues which are waived by an unconditional plea. *See Howard v. White*, 76 F. App'x. 52, 53, 2003 WL 22146139, *2 (6th Cir. 2003) (speedy trial claim is not jurisdictional); *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005); *see also United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991) (failure to enter conditional guilty plea prevented defendant from raising speedy trial and due process challenges on appeal). Pre-plea ineffective assistance of counsel claims are also non-jurisdictional issues which are waived by an unconditional plea. *See United States v. Stiger*, 20 F. App'x. 307, 309 (6th Cir. 2001) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)); *Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002). Because Petitioner's claims concern the alleged deprivation of non-jurisdictional constitutional rights that occurred before the entry of his unconditional plea, those claims are foreclosed by his plea.

In a plea case, the Court's inquiry is generally limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Petitioner does not dispute the knowing or voluntary nature of his no contest plea, and the record of the plea proceedings belies any such claim. Petitioner's state and federal speedy trial, ineffective assistance of defense counsel, and pre-arraignment delay claims are foreclosed by his no contest plea. Habeas relief is not warranted.[2]

## V. CONCLUSION

Based upon the foregoing discussion, the Court concludes that Petitioner's claims are waived by his unconditional no contest plea and do not warrant federal habeas relief.

---

[2]Given this determination, the Court need not address the underlying merits of Petitioner's habeas claims. Nonetheless, the Court notes that it would find the claims to be without merit for the reasons stated by Respondent in the answer to the petition.

Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner fails to meet this standard.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  This case is **CLOSED**.

      **IT IS SO ORDERED**.


                         s/ Nancy G. Edmunds_____
                         UNITED STATES DISTRICT JUDGE

Dated:  April 10, 2015


CERTIFICATION

      I hereby certify that a copy of this order was served upon counsel and/or parties of record by regular mail and/or electronic means on this 10th day of April, 2015

                         s/ Carol J Bethel_____
                         Case Manager